# United States District Court

NORTHERN District of Texas
Dallas Division



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 2 3 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES OF AMERICA

v.

RICKY WAYNE TOLBERT, JR.
Defendant.

Case Number   3:04-CR-278-R (01)

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, RICKEY WAYNE TOLBERT, JR., was represented by Charles W. Blau.

In an appearance before the U.S. Magistrate Judge, the defendant pleaded guilty to Counts 1 through 11 of the Superseding Information filed on November 9, 2004. The Court accepts and adopts the recommendation of the U.S. Magistrate Judge that the Court accept the plea of guilty, and finds that the plea of guilty is knowing and voluntary and is supported by an independent basis in fact as to each essential element of the offense. Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18 USC § 2113(a) & (d) | Bank Robbery | February 9, 2004 | Count 1 |
| 18 USC § 924(c)(1)(A) | Using, Carrying, and Brandishing a Firearm During or in Relation to a Crime of Violence | February 9, 2004 | Count 2 |
| 18 USC § 2113(a) & (d) | Bank Robbery | February 17, 2004 | Count 3 |
| 18 USC § 2113(a) & (d) | Bank Robbery | February 23, 2004 | Count 4 |
| 18 USC § 2113(a) & (d) | Bank Robbery | February 23, 2004 | Count 5 |
| 18 USC § 2113(a) & (d) | Bank Robbery | January 16, 2004 | Count 6 |
| 18 USC § 2113(a) & (d) | Bank Robbery | January 20, 2004 | Count 7 |
| 18 USC § 2113(a) | Bank Robbery | April 5, 2004 | Count 8 |
| 18 USC § 2113(a) & (d) | Bank Robbery | April 16, 2004 | Count 9 |
| 18 USC § 2113(a) & (d) | Bank Robbery | April 16, 2004 | Count 10 |
| 18 USC § 2113(a) & (d) | Bank Robbery | February 5, 2004 | Count 11 |

As pronounced on March 18, 2005, the defendant is sentenced as provided in pages 1 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $1,100, for Counts 1 through 11, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the U.S. Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and U.S. Attorney of any material change in the defendant's economic circumstances.

Signed this the __23__ day of March, 2005.

JERRY BUCHMEYER
SENIOR UNITED STATES DISTRICT JUDGE

**Defendant: RICKY WAYNE TOLBERT, JR.**   Judgment--Page 2 of 5
**Case Number: 3:04-CR-278-R (01)**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 204 months. This consists of 120 months on Count 1 and 3 through 11, and a sentence of 84 months on Count 2. The sentence imposed on Count 2 shall run consecutive to the other counts.

The Court makes the following recommendations to the Bureau of Prisons: FCI, Seagoville or a facility near the Dallas/Fort Worth area if eligible.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years on each count to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, destructive device or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Fine and Restitution sheet of the judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 01/01) Sheet 3a - Supervised Release

**Defendant: RICKY WAYNE TOLBERT, JR.**  Judgment--Page 4 of 5
**Case Number: 3:04-CR-278-R (01)**

## SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

Pursuant to the Mandatory Victim Restitution Act of 1996, the defendant shall pay restitution in the amount of $42,845.96, in the manner indicated on page 5 of this Judgment.

The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment.

The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Officer.

AO 245 S (Rev. 01/01) Sheet 3a - Supervised Release

**Defendant: RICKY WAYNE TOLBERT, JR.**  Judgment--Page 4 of 5

**Defendant: RICKY WAYNE TOLBERT, JR.**  **Judgment--Page 5 of 5**
**Case Number: 3:04-CR-278-R (01)**

# RESTITUTION

The defendant shall make restitution in the amount of $42,845.96, to the following persons in the following amounts:

| Name of Payee | |
|---|---|
| Bank One<br>Attn.: Bank Manager<br>Account No.: 91A-DL-101228<br>Rickey Wayne Tolbert, Jr. (restitution) | $12,466.00 |
| Prosperity Bank<br>Attn.: Bank Manager<br>Account No.: 91A-DL-101165<br>Rickey Wayne Tolbert, Jr. (restitution) | $10,360.00 |
| Bank of America<br>Attn.: Bank Manager<br>Account No.: 91A-DL-101312<br>Rickey Wayne Tolbert, Jr. (restitution) | $2,690.00 |
| Citizens National Bank<br>Attn.: Bank Manager<br>Account No.: 91A-DL-101334<br>Rickey Wayne Tolbert, Jr. (restitution) | $2,300.00 |
| Guaranty Bank<br>Attn.: Bank Manager<br>Account No.: 91A-DL-101368<br>Rickey Wayne Tolbert, Jr. (restitution) | $2,750.00 |
| Wells Fargo<br>Attn.: Bank Manager<br>Account No.: 91A-DL-101393<br>Rickey Wayne Tolbert, Jr. (restitution) | $1,900.00 |
| Compass Bank<br>Attn.: Bank Manager<br>Account No.: 91A-DL-101394<br>Rickey Wayne Tolbert, Jr. (restitution) | $2,166.00 |
| Bank of Texas<br>Attn.: Bank Manager<br>Account No.: 91A-DL-101577<br>Rickey Wayne Tolbert, Jr. (restitution) | $4,415.00 |

Preston National Bank
Attn.: Bank Manager
Account No.: 91A-DL-101646
Rickey Wayne Tolbert, Jr. (restitution)         $1,728.96

Chase Bank
Attn.: Bank Manager
Account No.: 91A-DL-101645
Rickey Wayne Tolbert, Jr. (restitution)         $2,070.00


Payments of restitution are to be made to the United States District Clerk.

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows: If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $100 per month until the restitution is paid in full.

# CLOSED

3:04-CR-278-R

**DATE:** 3-23-05

**TRIAL:** Yes ___   No ✓