IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CRIMINAL CASE NO. 3:04-CR-278-G |
| | § | |
| RICKY WAYNE TOLBERT, JR. (01) | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Ricky Wayne Tolbert's *pro se* motion for appointment of counsel and for relief pursuant to *United States v. Davis*, —— U.S. ——, 139 S. Ct. 2319 (2019), was referred to the undersigned United States magistrate judge for a recommended determination.   Crim. Doc. 46; Crim. Doc. 54.  As detailed herein, treating the motion as a successive motion to vacate sentence under 28 U.S.C. § 2255 motion, it should be **TRANSFERED** to the United States Court of Appeals for the Fifth Circuit.

In 2005, following his guilty plea to ten counts of bank robbery and one count of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 2113 and 18 U.S.C. § 924(c)(1)(A), respectively, Tolbert was sentenced to 204 months' imprisonment—120 months on the bank robbery counts and a consecutive 84-month term on the firearm count.  *United States v. Tolbert*, 3:04-CR-278-R, Crim. Doc. 26 (N.D. Tex. Mar. 23, 2005).  Tolbert did not file a direct appeal and, in 2014, this Court dismissed as time barred his motion to vacate sentence under 28 U.S.C. § 2255.  *Tolbert v. United States*, No. 3:14-CV-1690-P (N.D. Tex. 2014).

Subsequently, the Court denied Tolbert's motions to reduce sentence under 18 U.S.C. § 3582(c)(2), for reconsideration, and to modify sentence.  Crim. Doc. 37; Crim. Doc. 44.  The Court also construed his writ for audita querela/error coram nobis as a successive § 2255 motion,

and the Fifth Circuit Court of Appeals, in turn, denied him leave to file a successive application.

*See Tolbert v. United States*, No. 3:16-CV-1966-G-BH (N.D. Tex. 2016), *denied leave to file*,

No. 16-11175 (5th Cir. Oct. 27, 2016).  Tolbert now seeks appointment of counsel to assist him

in filing a successive Section 2255 motion seeking relief under *Davis*, 139 S. Ct. at 2336 (which

held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague).  Crim.

Doc. 46.

Generally, a defendant is not entitled to appointment of counsel in a post-conviction relief

proceedings.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Moreover, the proper vehicle

for challenging a criminal conviction after the direct appeal period has expired, as in this case, is

a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.  *See Jeffers v.*

*Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Tolbert's prospective *Davis* claim collaterally challenges his conviction and sentence

and, thus, is properly raised in the context of a Section 2255 motion.  *Cf. United States v. Elam,*

930 F.3d 406, 410 (5th Cir. July 15, 2019) (requiring the district court to liberally construe a *pro*

*se* motion for discovery and appointment of counsel as a first, timely § 2255 motion to provide

the defendant "the protections of the Great Writ").  "Ultimately, '[i]t is the substance of the relief

sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the

true nature and operative effect of a habeas filing.'"  *Id.* at 409 (quoted case omitted).  But before

Tolbert can pursue successive Section 2255 relief based on *Davis*, he must first obtain

authorization from the Fifth Circuit under 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3).  *See,*

*e.g., United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (holding §

2244(b)(3)(A) constitutes a jurisdictional bar unless the court of appeals first grants permission

to file successive motion).

On the record in this case, the Court should construe Tolbert's request for relief under

*Davis* as a successive Section 2255 motion and transfer it to the Fifth Circuit for appropriate

action.  *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364,

365 (5th Cir. 1997) (per curiam).[1]

For the foregoing reasons, it is recommended that Tolbert's motion to appoint counsel be

**CONSTRUED** as a successive Section 2255 motion and that it be **TRANSFERRED** to the

United States Court of Appeals for the Fifth Circuit to seek authorization to file a successive

Section 2255 motion.  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).

**SO RECOMMENDED** on November 16, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1]  The Court of Appeals for the Fifth Circuit recently questioned whether *Davis* may be "'made retroactive ... by the Supreme Court' through its previous ruling in *Welch v. United States*, —— U.S. ——, 136 S. Ct. 1257 (2016)" for purposes of a successive motion under 28 U.S.C. § 2255(h)(2).  *In re Hall*, —— F.3d ——, 2020 WL 6375718, at *1 and n.1 (5th Cir. Oct. 30, 2020). That notwithstanding, the appellate court has held that "[f]ederal bank robbery constitutes a [crime of violence (COV)] under § 924(c) 'because the least culpable conduct under that statute requires, at a minimum, an implicit threat to use force.'"  *United States v. Reece*, 938 F.3d 630, 636 (5th Cir. 2019) (quoted case omitted) (addressing initial § 2255 motion); *see also United States v. Smith*, 957 F.3d 590, 593-94 (5th Cir. 2020) (denying initial § 2255 motion based on *Reece* because "federal bank robbery offense is a COV under the elements clause").

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).